BOWEN, Presiding Judge,
dissenting.
The circuit court, as authorized by Alabama Code Section 12-14-70 (1975), dismissed Wilson’s appeal from Municipal Court when Wilson and his attorney failed to appear when the case was called for trial. Wilson’s motion to reinstate was denied after testimony and argument were presented. The record before this Court does not contain that testimony and argument. Since it is appellant Wilson’s duty and responsibility to present a correct and complete record to this Court for review, and since Wilson has failed in this respect, this Court should not remand this cause directing Wilson to do what he could and should have already done.
Since there is nothing in the record to show an abuse of the trial judge’s discretion, it must be presumed that the judge did not abuse that discretion.
ON RETURN TO REMAND AND ON APPELLANT’S “MOTION TO SUSPEND THE RULES AND REMAND THE CAUSE FOR A TRIAL BY JURY.”
LEIGH M. CLARK, Retired Circuit Judge..
On March 19, 1984, the Clerk of the trial court, Autauga Circuit Court, filed with the Clerk of this Court a Supplemental Transcript, which has been treated as a Return to Remand and in which is contained the certificate of an official court reporter for the Nineteenth Judicial Circuit as follows:
“I, Norma L. Martin, the undersigned Court Reporter of the Nineteenth Judicial Circuit, hereby certify that the appeal in the above case was dismissed on April 29, 1983, and the case was remanded to the Municipal Court of the City of Prattville. The Appellant-Defendant filed a motion for a new trial on May 26, 1983. The motion for a new trial was set for hearing on July 27th, 1983 and on that date oral testimony was taken before the Court. I took the oral testimony as Court Reporter. After the motion to have the case reinstated was denied on July 27th, 1983 and notice of appeal was given I was never requested or instructed by anyone to transcribe the oral testimony taken down on July 27th, 1983. Therefore, I have not transcribed said oral testimony.
“This certificate is made in answer to the remand of January 31st, 1984, by the Alabama Court of Criminal Appeals.”
On April 2, 1984, appellant’s attorney filed with the Clerk of the Alabama Court of Criminal Appeals the following motion, which showed service of a copy thereof upon the attorney for the appellee:
“Appellant moves this Honorable Court to suspend the Rules and reverse and remand this cause to the Circuit Court for a trial by jury or on the following grounds:
“1. This Honorable Court issued an order remanding this cause to the Circuit Court of Autauga County, Alabama with *1172 directions A, that the record be supplemented with all pertinent court reporter’s transcript as to any pertinent proceedings and B., if unavailable, the trial judge was to set forth briefly his recollection as to such facts. C., said order further directed the trial court to, if it deemed it necessary or advisable, to conduct a hearing as to the pertinent facts and to make a return to this order of remandment with notice to each party. Movant humbly suggests to this Honorable Court that none of the directions made in this order have been followed by the trial court.
“2. Only a statement by the court reporter that she has not been requested to furnish transcript was filed in this Court. Movant urges that this is not a compliance with this Court’s order of remandment with directions to the trial court that was issued by this Court on January 31, 1984.
“WHEREFORE, movant humbly requests that this cause be reversed and remanded for a jury trial to protect his rights to a trial by jury, as guaranteed by the constitutions of the State of Alabama and the United States of America.”
We had hoped that we would be favored by authoritative information that would enable us to determine whether, in our opinion, the trial court was in error in overruling defendant’s motion for a new trial and reinstatement of his appeal from the Municipal Court of the City of Pratt-ville, which we could not correctly determine, we thought, without a court reporter’s transcript of the hearing or some satisfactory substitute therefor. Neither party aids us by any effort to make it clear as to why we do not have a court reporter’s transcript as to the hearing of the motion for a new trial. The court reporter’s certificate that she “was never requested or instructed by anyone to transcribe the oral testimony taken down” at that hearing, is an adequate explanation of her reason for not having transcribed it, but it does not explain the failure of someone else, particularly, the appellant, to request such transcript, which emphasizes the wisdom of the dissenting opinion of Presiding Judge Bowen in saying that “This Court should not remand this cause directing Wilson to do what he could and should have already done.” At the time of the opinion on original submission, the writer of the opinion was not certain that there was ever any reporting of the hearing on the motion for new trial from which an accurate transcript could be made. As we are now assured that there was, we are of the opinion that appellant should be allowed sixty more days to make appropriate arrangements with the court reporter for her to transcribe the pertinent proceedings on the hearing of defendant’s motion for a new trial and for their certification to this Court as a further supplemental record in this cause, and that, if he fails to do so and fails to present an adequate excuse for not doing so, the judgment of the trial court should then be affirmed. Appellant’s “Motion to Suspend the Rules and Remand the Cause for a “Trial by Jury” should be denied.
APPELLANT’S “MOTION TO SUSPEND THE RULES AND REMAND THE CAUSE FOR A TRIAL BY JURY” DENIED; SUBMISSION ON RETURN TO REMAND CONTINUED TO OCTOBER 15, 1984.
All the Judges concur, except BOWEN, P.J., who dissents.
ON RETURN TO REMAND
LEIGH M. CLARK, Retired Circuit Judge.
On September 17, 1984, the Clerk of the Circuit Court of Autauga County filed a Supplemental Transcript that includes the court reporter’s transcript of the hearing on July 27, 1983, of the motion of this appellant to reinstate his appeal from the judgment of the Circuit Court dismissing this appellant’s appeal from his judgment of conviction in the Municipal Court of Prattville, Alabama, of driving a motor vehicle under the influence of alcohol. The court reporter’s transcript discloses that *1173 this appellant was present throughout the hearing and was attended by his attorney, the same attorney who has represented him throughout the pendency of this case in the Circuit Court of Autauga County and who has continued to represent him on the appeal to this Court.
According to the court reporter’s transcript, this appellant testified exhaustively as to the circumstances attending the journey by him and his attorney from Montgomery to Prattville in the attorney’s automobile. In addition to the testimony of this appellant as to the circumstances of his not appearing when his case was called for trial in the Circuit Court, there was a rather profuse colloquy among his attorney, the attorney for the City of Prattville, and the trial judge on the subject, as to which there was little disagreement and no objection by either party as to the method apparently adopted by each party in endeavoring to show whether the trial court was justified in dismissing the appeal from the judgment of the Municipal Court. Some of the pertinent testimony of appellant was as follows:
“Q. You concluded the car ran out of gas?
“A. I believe it did.
“Q. Okay. Now, isn’t it true, Mr. Wilson, that it only takes about five minutes to walk from the courthouse to where the car was stopped?
“A. It would only take me about five minutes.
“Q. Right. But on this occasion you say the car ran out of gas at about ten minutes to nine, and it was thirty minutes later when you got to the courthouse?
“A. Approximately.”
The trial judge prefaced his order denying this appellant’s motion for reinstatement of the appeal from the Municipal Court of Prattville as follows:
“THE COURT: Because, as Mr. Smith [Attorney for the City] says, that this was the only case set for trial that morning [a Friday morning]. All the jurors were here at 9:00 o’clock, the City Attorney was here, the Judge, Clerk — everybody but the defendant and his attorney. Shortly after 9:15, on hearing nothing, the court dismissed the jury for the week and discharged them. The Clerk, some of the lawyers, the Judge and Reporter were back in the Judge’s office finishing up and things of that sort, when Mr. McGee and Mr. Wilson arrived.”
We are now convinced by the court reporter’s transcript of the hearing of appellant’s motion to reinstate the appeal from the judgment of conviction of the Municipal Court of the City of Prattville that the trial court’s dismissal of said appeal was not an abuse of the discretion vested in the trial court. It follows that the judgment of the trial court should be affirmed.
AFFIRMED.
All the Judges concur.